**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Brian Edward RATIGAN, Defendant–Appellant.**

No. 01–35972.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Filed Dec. 11, 2003.

·Chris A. Bugbee, Spokane, WA, for the Defendant–Appellant.

Thomas O. Rice, Assistant United States Attorney, Spokane, WA, for the·Plaintiff–Appellee.

Before TROTT, FISHER, and GOULD, Circuit Judges.

TROTT, Circuit Judge:

·Brian Edward Ratigan ("Ratigan") appeals the denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence for, *inter alia*, the armed robbery of the U.S. Bank in Spokane, Washington on July 12, 1996 and the use and carrying of a firearm during and in relation to the bank robbery.[1]

---

1. On November 5, 2002, Ratigan moved to broaden the Certificate of Appealabilty (COA), seeking this court's review of the district court's jury instructions on Count 7 of the indictment, which charged him with the use and carrying of a firearm that is a destructive device during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Ratigan asserts that the jury instructions allowed the jury to find him guilty of this count without explicitly finding that he had used such a firearm.

A COA may issue only upon the "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2252(c). Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

In finding Ratigan guilty of Count 6 of the indictment, the jury was required to find that he used an explosive device in connection with the attack on the Planned Parenthood Clinic. Moreover, the verdict form specified

Ratigan contends that there was insufficient evidence to sustain his convictions for the bank robbery and weapons charge because the government failed to prove the jurisdictional element of the bank's FDIC insurance at the time of the robbery. Ratigan failed to raise this claim at trial or on direct appeal. Consequently, his claim would normally be subject to procedural default, which would bar Ratigan from relief unless he could show cause and prejudice or actual innocence. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Ratigan argues, however, that the government's failure to prove the crime's jurisdictional element deprived the district court of subject-matter jurisdiction, and that challenges to a judgment that are based on subject-matter jurisdiction are not barred by procedural default. We reject this argument because we conclude that the insufficiency of proof of a jurisdictional fact cannot undermine a district court's subject-matter jurisdiction. We hold, therefore, that Ratigan has procedurally defaulted on his claim. We conclude that he cannot show cause and prejudice or actual innocence and affirm the district court's dismissal of his § 2255 motion.

## I. BACKGROUND

On April 1, 1996, masked men bombed the Spokesman–Review office building and robbed the U.S. Bank on East Sprague Avenue in Spokane, Washington and then blew up the bank with a pipe bomb. On July 12, 1996, masked men bombed the Planned Parenthood office building and robbed the same U.S. Bank on East Sprague Avenue. In September, 1997, a jury convicted Ratigan of the Destruction

of a Planned Parenthood clinic in violation of 18 U.S.C. § 844(i); Use and Carrying of a Firearm in relation to the Destruction of the Planned Parenthood Clinic in violation of 18 U.S.C. § 924(c)(1); the July 12, 1996 armed robbery of U.S. Bank in violation of 18 U.S.C. § 2114(a) and (d); Use and Carrying of a Firearm in Relation to the Bank Robbery in violation of 18 U.S.C. § 924(c)(1); and Conspiracy in violation of 18 U.S.C. § 371. Ratigan was sentenced to 55 years and 3 months of incarceration and over $100,000 in restitution.

The indictment charging Ratigan with these crimes alleged that U.S. Bank was insured by the FDIC on July 12, 1996. At trial, the government presented unchallenged evidence relevant to the federally-insured status of U.S. Bank as alleged in the indictment. This evidence included testimony by Mr. Beyl, the Vice–President and Regional Security Manager of U.S. Bank, explaining that U.S. Bank "is insured" by the FDIC, including the U.S. Bank branches in Washington. The government introduced also as evidence two FDIC certificates, which were identified by Mr. Beyl as the type of certificate that hung on the wall of each branch of U.S. Bank. The certificate for the U.S. Bank of Washington was dated February 8, 1988; the certificate for the U.S. Bank of Oregon was dated June 13, 1996.

FDIC insurance was not a contested issue during Ratigan's trial. In closing argument, the prosecutor said, "There is no question that the deposits of the U.S. Bank were insured at the time by FDIC, you saw a certificate in evidence and Mr. Beyl from the bank testified in that regard." In response, the defense stated

---

the use of a pipe bomb as to Count 7, and the jury clearly found that Ratigan had used such an explosive device by indicating his guilt on the verdict form. No reasonable jurist could disagree with the district court's conclusion

that the trial court's instructions satisfied the requirements of *United States v. Alerta,* 96 F.3d 1230, 1235 (9th Cir.1996). We therefore deny Ratigan's request to broaden the COA.

that "[the prosecutor] told you that certain facts are undisputed and that is certainly correct." There is no dispute that the bank was robbed on April 1st and July 12th. ... "[the issue is] what evidence is there that implicates Brian Ratigan in the crimes that Brian Ratigan is charged with?"

The jury found Ratigan guilty of the crime of bank robbery. That finding necessarily means the jury found that the bank was insured by the FDIC on the date of the robbery, July 12, 1996.

Along with his co-defendants, Ratigan appealed to this court, which affirmed his conviction on May 21, 1999. *See United States v. Merrell,* 182 F.3d 929, 1999 WL 386651 (9th Cir. May 21, 1999) (unpublished disposition). Ratigan's Petition for Rehearing was denied on July, 7, 1999, and his suggestion for rehearing en banc was rejected by the Ninth Circuit. On November 15, 1999, the Supreme Court of the United States denied Mr. Ratigan's Petition for Certiorari. During this process, he made no mention of the FDIC insurance issue he now advances.

On November 20, 2000, Ratigan filed a motion to vacate his sentence under 28 U.S.C. § 2255, asserting eleven grounds for relief. On July 31, 2001, the district court dismissed the § 2255 motion on all grounds and refused to grant a certificate of appealability. Ratigan appealed to this court, which granted a certificate of appealability as to the issue of whether the government had presented "sufficient evidence regarding the jurisdictional element of the Bank's FDIC insurance status" on July 12, 1996.

## II. ANALYSIS

### A. Standard of Review

A district court's denial of a § 2255 motion is reviewed de novo. *Unit-*

*ed States v. Benboe,* 157 F.3d 1181, 1183 (9th Cir.1998). Determinations of whether there has been a procedural default are also reviewed de novo. *Manning v. Foster,* 224 F.3d 1129 (9th Cir.2000).

### B. Jurisdictional Defects and Procedural Default

Ratigan was convicted of armed bank robbery pursuant to 18 U.S.C. § 2113(a) and (d). An element of that crime as alleged in the indictment requires proof that the bank in question was a federally-insured financial institution at the time of the relevant conduct. *See* 18 U.S.C. § 2113(f) ("[T]he term 'bank' means any member bank of the Federal Reserve System ... and any institution the deposits of which are insured by the Federal Deposit Insurance Corporation.").

Ratigan asserts as the foundation of his argument that the government failed to provide sufficient evidence to prove the essential element of the bank's FDIC insurance. *See United States v. Ali,* 266 F.3d 1242, 1244 (9th Cir.2001) ("Testimony is insufficient ... when stated only in the present tense at trial, years after the relevant time period."); *United States v. Allen,* 88 F.3d 765, 769 (9th Cir.1996) (vacating convictions for making false statements to federally insured financial institutions because government failed to provide sufficient proof of FDIC status). It follows, he contends, that the district court had no "power" to hear the case, or, in other words, that the court had no subject-matter jurisdiction as to the bank robbery charge.

In *Allen,* as in *Ali,* this court found that present tense testimony that the bank in question *is* insured by the FDIC is not sufficient as evidence to prove that the financial institution was insured at the time of the defendants' alleged conduct. *Allen,* 88 F.3d at 769. The court found

that such testimony "falls short of the quantum of evidence necessary to prove an element of a crime." *Id.* Ratigan asserts that the government presented similarly insufficient evidence at trial in his case.

The government's evidence at trial included testimony by Richard Beyl, Vice President and Regional Manager for U.S. Bank who stated that the bank was insured at the time of trial. He also identified certificates of insurance for dates other than the date of the robbery. Ratigan asserts that because the government failed to show that the bank was insured on the date of the robbery, the government failed to meet its burden as established by *Allen* and *Ali.*

■ The government responds that Ratigan cannot now challenge the sufficiency of the government's proof because Ratigan has procedurally defaulted on this claim by not raising the issue either at trial or on direct appeal. A § 2255 movant procedurally defaults his claims by not raising them on direct appeal and not showing cause and prejudice or actual innocence in response to the default. *Bousley v. United States,* 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *see also Medrano v. United States,* 315 F.2d 361, 361–62 (9th Cir.1963) (finding petitioner's challenge of evidentiary sufficiency for jurisdictional fact of drug possession in federal narcotics conviction was procedurally defaulted). Ratigan does not dispute that he failed to raise the issue of the sufficiency of the government's evidence of the federally-insured status of U.S. Bank at trial or on direct appeal. Instead, Ratigan attempts to avoid procedural default by asserting that his claim now raises the court's subject-matter jurisdiction.

In every federal criminal prosecution, subject-matter jurisdiction is conferred by 18 U.S.C. § 3231. That section provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the States, of all offenses against the laws of the United States." *Id.* The bank robbery crime of which Ratigan stands convicted is unquestionably such an offense. Ratigan argues, however, that in a federal bank robbery case, subject-matter jurisdiction is lacking when the government fails to present sufficient evidence that the bank was FDIC insured. Specifically, he contends that proof of federal insurance is a jurisdictional requirement for a conviction pursuant to § 2113, and because it implicates the court's power to hear a case, his challenge to that proof cannot be procedurally defaulted. *See, e.g., United States v. Nukida,* 8 F.3d 665, 668–69 (9th Cir.1993) ("Jurisdictional issues will ordinarily be considered on appeal regardless whether they are raised in the trial court."). Ratigan must show, however, that his challenge presents a true jurisdictional question, and not merely one of the sufficiency of the government's evidence.

■ As support for his assertion that § 2113's jurisdictional element necessarily implicates the court's subject-matter jurisdiction, Ratigan relies on *United States v. Cotton,* where the Court held that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction regardless of whether the error was raised in district court." 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Ratigan thus argues that if the government did not establish that the relevant bank was insured by the FDIC at the time of the robbery, then the jurisdictional nexus for the federal crime is missing. Ratigan's reliance on *Cotton,* although not outlandish, is misplaced. In *Cotton,* the Court determined that defects in an indictment do not deprive a federal court of its

power to adjudicate a case. In fact, the court cited Justice Holmes in concluding that "a district court 'has jurisdiction of all crimes cognizable under the authority of the United States ... [and][t]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case.' " *Id.* at 630–31, 122 S.Ct. 1781 (quoting *Lamar v. United States*, 240 U.S. 60, 65, 36 S.Ct. 255, 60 L.Ed. 526 (1916)).

■ Moreover, courts have consistently determined that the jurisdictional element of federal crimes does not present a pure question of the court's subject-matter jurisdiction. *See, e.g., Hugi v. United States*, 164 F.3d 378, 380 (7th Cir.1999) (concluding that defects in government's proof of a jurisdictional element do not deprive court of jurisdiction); *United States v. Ayarza-Garcia*, 819 F.2d 1043, 1047–48 (11th Cir.1987) (concluding that jurisdictional challenge involving question of the sufficiency of the government's evidence in a federal drug possession case involves determination of issues of fact going to merits), *superseded by statute*, as explained in *United States v. Tinoco*, 304 F.3d 1088 (11th Cir.2002). In *Hugi*, a case involving a federal crime of wire fraud, "the nexus with interstate commerce, which courts frequently call the 'jurisdictional element' is simply one of the essential elements of [the offense].... It is not jurisdictional in the sense that it affects ... a court's constitutional or statutory power to adjudicate a case...." *Hugi* 164 F.3d at 380–81 (quoting *United States v. Martin*, 147 F.3d 529, 531–32 (7th Cir. 1998)); *see also Steel Company v. Citizens for a Better Environment*, 523 U.S. 83, 91–92, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (explaining that the failure of a cause of action does not produce a failure of jurisdiction). As we explained in *De La Maza v. United States*, "[A]fter an offense of the

laws of the United States was set forth and returned in the indictment, the district court had jurisdiction of ... the subject matter...." 215 F.2d 138, 140 (9th Cir. 1954).

■ Similarly, defects in the government's evidence regarding a bank's federally-insured status in a bank robbery case go to the merits of the case. *See United States v. Ali*, 266 F.3d 1242, 1243 (9th Cir.2001) (concluding that proof of FDIC insurance constitutes "an element of the substantive crime") (internal quotation marks omitted); *see also United States v. Holloway*, 259 F.3d 1199, 1201–02 (9th Cir. 2001) (concluding that evidence of credit union's federal insurance constituted "an essential element of the [federal] crime" of bank robbery); *United States v. Mitchell*, 172 F.3d 1104, 1106 (9th Cir.1999) (stating that proof of FDIC insurance in a bank robbery case involves a "jurisdictional fact").

Here, Ratigan cannot claim that the government presented no evidence of the bank's FDIC status. Nor does he assert in the form of a claim of actual innocence that the government could not show that the bank was FDIC insured. Rather, he claims that, at trial, the government failed to present sufficient proof of the FDIC-insured status of U.S. Bank on July 12, 1996. As we see it, this question concerns a basic question of evidentiary sufficiency and not the court's jurisdiction. Our approach in *Ali* illustrates this understanding of Ratigan's claim. In that case, appellant Ali contended that the evidence introduced at his trial was "insufficient to prove ... beyond a reasonable doubt" the federally insured status of the bank. 266 F.3d at 1244. We examined the government's evidence and found it wanting, *id.* at 1244, and because the evidence was insufficient, we reversed his conviction. *See also United States v. Dennis*, 237 F.3d 1295, 1304–

05 (11th Cir.2001) (reversing conviction for bank fraud when evidence insufficient to establish beyond reasonable doubt that bank was federally insured); *United States v. Key*, 76 F.3d 350, 353 (11th Cir. 1996) (concluding that, for the crime of bank fraud, the jurisdictional element of the bank's FDIC-insured status is measured by the sufficiency of the evidence standard); *United States v. Mathews*, 833 F.2d 161, 164 (9th Cir.1987) (concluding defendants' guilty plea in interstate kidnapping case, "establish[ed] the factual basis for jurisdiction, but not jurisdiction itself").

 Because proof of FDIC insurance is an element of the crime of bank robbery under 18 U.S.C. § 2113, we conclude that any challenge claiming that the government failed to prove at trial that essential element does not thereby undermine the court's subject-matter jurisdiction, or its power to hear the case. Ratigan's assertion that the government's evidence did not adequately prove that the bank in question was FDIC insured at the time of the robbery is a simple question of the legal sufficiency of the government's evidence of one element of the charged offense. We conclude that the district court was correct in deciding that Ratigan's claim is barred by procedural default.[2]

## C. Cause and Prejudice

[9] Because Ratigan concedes that he failed to raise the issue of the sufficiency of the government's evidence regarding federal insurance at trial or on direct appeal, he must show that his default fits within one of the established exceptions. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.' " *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal citations omitted).

 First, Ratigan argues that the government waived the procedural default issue by failing to seek a certificate of appealability. *See, e.g., United States v. Barron*, 172 F.3d 1153, 1156 (9th Cir.1999) (en banc) (government's failure to raise procedural default in district court waives the defense in the absence of extraordinary circumstances). This argument is without merit. The government preserved the issue of Ratigan's procedural default by raising it before both this court and the district court.

 Second, Ratigan's attempts to demonstrate cause and prejudice for his default are equally unavailing. Ratigan argues that the government inappropriately asserted that the evidence it presented constituted sufficient proof of FDIC. This argument is without merit. "To warrant habeas relief, prosecutorial misconduct must 'so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process.' " *Davis v. Woodford*, 333 F.3d 982, 996 (9th Cir.2003) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)). There is no evidence that the government's actions in the course of this trial and appeal were inappropriate.

 Ratigan also asserts that the ineffective assistance of his trial and appellate counsel constitutes cause for his default. Constitutionally ineffective assis-

---

**2.** We respectfully note that all the time and energy expended in this § 2255 proceeding could have been avoided by careful lawyering by the government, but like an occasional doctor, a lawyer also sometimes leaves a sponge in the patient.

tance of counsel constitutes cause sufficient to excuse a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In order to excuse his procedural default, Ratigan must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ratigan maintains that his trial counsel was ineffective by failing to recognize and object to the obvious insufficiency of proof offered by the government. His counsel's failure to recognize every possible legal argument, including the arguably insufficient proof offered by the government as to one element of the crime, does not, however, constitute cause. "[T]he mere fact that counsel failed to recognize the factual or legal basis for the claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Cockett v. Ray,* 333 F.3d 938, 943 (9th Cir.2003) (quoting *Murray,* 477 U.S. at 488–89, 106 S.Ct. 2639) (internal quotation marks omitted). We do not find that counsel's conduct included "errors so serious as to deprive[Ratigan] of a fair trial." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. Ratigan's assertion, therefore, that his counsel rendered ineffective assistance in his case is not supported by the record.

 Finally, Ratigan's procedural default could be excused if he could show actual, factual innocence, not just legal insufficiency of the evidence. To establish actual innocence, Ratigan must now demonstrate in light of all the evidence, including new evidence that might be introduced by both sides, that "it is more likely than not that no reasonable juror would have convicted him." *Bousley,* 523 U.S. at 623, 118 S.Ct. 1604 (internal quotation marks and citations omitted). Ratigan has not,

however, attempted to show that he is actually innocent in the sense that the branch of the U.S. Bank he victimized was not federally insured on the date of his crimes.

Ratigan has, therefore, failed to show that he should be excused from his procedural default.

## III. CONCLUSION

For the first time in his § 2255 motion, Ratigan argues that the government presented insufficient evidence of the federally-insured status of U.S. Bank. Because the sufficiency of the government's evidence regarding the bank's FDIC insured status is not a jurisdictional defect, Ratigan has procedurally defaulted on this claim. Although he might have prevailed on direct appeal, he did not act as the law requires to preserve this issue for collateral review. The criminal justice process would be disserved by allowing a defendant belatedly to change his hole card after he has dealt his own hand. Criminal law and procedure are not poker. Moreover, because he has failed to show either cause and prejudice or actual innocence, that default is not excused. Accordingly, we AFFIRM the decision of the district court denying his motion to vacate.

**AFFIRMED.**