**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Herbert Louis BURDEAU,**
**Defendant—Appellant.**

**No. 01–35314.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 2, 2003.

Decided Dec. 18, 2003.

Carl E. Rostad, Esq., Lori Harper Suek, Esq., Office of the U.S. Attorney, Great Falls, MT, for Plaintiff-Appellee.

Kathryn Marie Davis, Carol A. Chen, Esq., Latham & Watkins, Los Angeles, CA, Herbert Louis Burdeau, Atwater, CA, for Defendant–Appellant.

Before KLEINFELD, GOULD, and TALLMAN, Circuit Judges.

MEMORANDUM *

Herbert Louis Burdeau appeals the district court's dismissal of his 28 U.S.C. § 2255 federal habeas petition. We review de novo and affirm.[1]

Burdeau claims his attorney provided ineffective assistance of counsel by conveying to Burdeau the idea that he would receive a ten-year sentence if he went to trial, causing Burdeau to withdraw his plea.[2] Under *Strickland v. Washington*,[3] Burdeau must show that his attorney's performance was deficient and that the deficient performance prejudiced him.

As in *United States v. Thornton*,[4] the district court advised Burdeau that a maximum sentence under the Sentencing Guidelines was possible, "thus rendering any advice given by [Burdeau]'s counsel, even if erroneous, non-prejudicial."[5] Therefore, even if Burdeau's version of the hallway conversation were true, he does not state a claim of ineffective assistance.

"Where a section 2255 motion is based on alleged occurrences outside the record, no hearing is required if the allegations, viewed against the record ... fail to state a claim for relief...."[6] The district court did not err in dismissing the habeas petition without holding an evidentiary hearing.

AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *United States v. Ratigan*, 351 F.3d 957 (9th Cir.2003).

2. The 17.5–year sentence Burdeau received after a jury trial was affirmed on direct appeal. *United States v. Burdeau*, 168 F.3d 352 (9th Cir.1999).

3. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

4. *United States v. Thornton*, 23 F.3d 1532, 1533–34 (9th Cir.1994) (per curiam).

5. *Id.* at 1534.

6. *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir.1989) (internal quotation marks and citations omitted); *cf. Machibroda v. United States*, 368 U.S. 487, 494–96, 82 S.Ct. 510, 7 L.Ed.2d 473 (requiring an evidentiary hearing because the petitioner was "clearly entitled to relief" if the allegations were true).