**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Charles E. HOLMES, aka Slim, Defendant—Appellant.**

No. 03–16888.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2004.*

Decided June 18, 2004.

---

* This panel unanimously finds this case suit-

Miranda Kane, Susan Jerich, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Charles E. Holmes, Lompoc, CA, pro se.

Before: HALL, LEAVY and FISHER, Circuit Judges.

### MEMORANDUM **

Charles E. Holmes appeals *pro se* the district court's denial of his 28 U.S.C. § 2255 motion to vacate, alter, or set aside his sentence. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

Holmes contends that he was deprived of effective assistance of counsel at sentencing because defense counsel failed to object to a two-point enhancement based on a guilty plea in a 1992 criminal conviction that Holmes alleges was uncounseled. The record shows that after adequate investigation, defense counsel concluded that Holmes had been represented in the 1992 conviction, and chose to concentrate on challenging two other of Holmes' convictions. Reviewing *de novo, see United States v. Ratigan,* 351 F.3d 957, 961 (9th Cir.2003), we conclude that Holmes has failed to rebut the strong presumption that this strategic decision by defense counsel "falls within the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, the district court properly denied relief as to this claim.

**AFFIRMED.**

---

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.