**Roman ESPINOZA–LOPEZ,**
**Plaintiff—Appellant,**

v.

**UNITED STATES of America,**
**Defendant—Appellee.**

No. 04–36004.

D.C. No. CV–04–03025–MRH.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

Roman Espinoza–Lopez, FCITA—Federal Correctional Institution, Taft, CA, pro se.

Judith R. Harper, USME—Office of the U.S. Attorney, Medford, OR, for Defendant–Appellee.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Roman Espinoza–Lopez appeals pro se the district court's order dismissing his 28 U.S.C. § 2255 motion and denying his request for an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.

Espinoza–Lopez contends that trial counsel rendered ineffective assistance by failing to investigate why Espinoza–Lopez admitted to owning the methamphetamine found in a search of his bedroom, failing to raise the defense that Espinoza–Lopez lacked control and dominion over those drugs in a pre-trial suppression motion, and advising him to plead guilty and accept a 10–year mandatory minimum sentence.

We review the district court's denial of a § 2255 motion de novo, *see United States v. Ratigan,* 351 F.3d 957, 961 (9th Cir.2003), and we conclude that counsel's performance in all these respects was reasonable. Accordingly, Espinoza–Lopez' contentions fail. *See Strickland v. Washington,* 466 U.S. 668, 688–89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (noting that a defendant must show that counsel's conduct fell outside the wide range of reasonable conduct in order to be considered constitutionally deficient). Furthermore, the district court did not abuse its discretion by denying Espinoza–Lopez' request for an evidentiary hearing on these allegations. *See United States v. Leonti,* 326 F.3d 1111, 1116 (9th Cir.2003) (noting that an evidentiary hearing is not warranted if the allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently friv-

olous as to warrant summary dismissal") (citation omitted).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.