### In re: Ossie Robert TRADER, Petitioner.

#### No. 05–2957.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. Pro. July 14, 2005.

Decided July 29, 2005.

Ossie R. Trader, Beaumont, TX, pro se.

Before RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

### OPINION

PER CURIAM.

Ossie Robert Trader pled guilty to bank robbery and use of a weapon during a crime of violence, for which he is serving consecutive terms of 188 months' and 60 months' imprisonment respectively. After this Court affirmed, Trader sought relief by filing in the District Court a section 2255 motion, an unauthorized second section 2255 motion, as well as other motions, all without success. Trader has now filed a petition for a writ of mandamus directing the District Court to order his release. He alleges that the District Court lacked jurisdiction to convict and sentence him because the United States did not prove that the banks in question were insured by the F.D.I.C.

### I

Issuance of a writ of mandamus is an extraordinary remedy, *Sporck v. Peil,* 759 F.2d 312, 314 (3d Cir.1985), whose purpose is "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). It is not available to control decisions of a District Court, even if erroneous, so long as they were made within the court's jurisdiction. *United States v. Rankin,* 779 F.2d 956 (3d Cir. 1986). Moreover, a writ of mandamus will not issue unless the petitioner has no other adequate means to attain the desired relief and shows that he has a clear and indisputable right to the relief. *See Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Trader satisfies none of these criteria. Although he alleges that the District Court lacked jurisdiction, a bank's F.D.I.C. status is merely an element of the crime and does not affect the court's subject matter jurisdiction. *See United States v. Ratigan,* 351 F.3d 957 (9th Cir.2003). Moreover, Trader had other means to present his argument: direct appeal and collateral review.[1] The fact that he is now barred by AEDPA's restrictions on filing successive section 2255 motions no more makes mandamus an available remedy than it does a petition pursuant to 28 U.S.C. § 2241. *See In re Dorsainvil,* 119 F.3d 245 (3d Cir. 1997). Accordingly, Trader's petition is denied.

---

1. Indeed, Trader may already have used those very means: he states that "[t]his Court failed to notice the jurisdictional error on direct appeal" and that "[t]he United States failed to rebut the jurisdictional claim during post conviction proceedings."