**Carl A. HAGEMAN, Jr., Petitioner—Appellant,**

**v.**

**Jean HILL, Superintendent, SRCI, Respondent—Appellee.**

No. 08–35207.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 2009.

Filed March 2, 2009.

Anthony Bornstein, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Inge D. Wells, Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before: PAEZ and RAWLINSON, Circuit Judges, and JENKINS,* District Judge.

### MEMORANDUM **

Carl Hageman appeals the district court's denial of his petition for habeas corpus. Hageman concedes that he has procedurally defaulted on all claims he presented to the district court in his habeas petition, but argues on appeal that he has established both cause and prejudice and actual innocence that would excuse his procedural default and allow him to obtain federal review of his substantive claims. We have jurisdiction to review his petition under 28 U.S.C. §§ 1291 and 2253, and we affirm.

1. Hageman first argues that he has demonstrated cause and prejudice that would excuse his procedural default. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Smith v. Baldwin,* 510 F.3d 1127, 1146 (9th Cir.2007) (en banc). He contends that the factual basis for his claim that he was convicted on a "diluted" standard of proof—an affidavit from the judge who presided over his bench trial—was not reasonably available to him at the time he defaulted. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

█ The trial court judge states in his affidavit that he "no longer believe[s] the state proved its case beyond a reasonable doubt." [ER 94] Although Hageman, at times, argues that the affidavit establishes that the judge employed the wrong standard of proof, the affidavit suggests only that the judge may have misjudged the sufficiency of the evidence. As the district court noted, the factual basis for a claim of insufficiency of the evidence—the evidence presented at trial—would have been reasonably available to Hageman at the close of his trial, well before Hageman procedurally defaulted on this claim. We therefore hold that Hageman has not established cause to excuse his procedural default and do not reach the issue of prejudice.

2. Hageman also argues that he has overcome his procedural default by establishing "gateway" actual innocence under *Schlup v. Delo,* 513 U.S. 298, 315–16, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). *See Carriger v. Stewart,* 132 F.3d 463, 477 (9th Cir.1997) (en banc). Under *Schlup,* a petitioner may overcome a procedural default by (1) presenting "reliable evidence [of his innocence]—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," 513 U.S. at 324, 115 S.Ct. 851; and (2) showing that, in light of the new evidence, "no reasonable juror would have found [him] guilty," *id.* at 329, 115 S.Ct. 851.

█ To demonstrate actual innocence under *Schlup,* a petitioner must "show actual, *factual innocence,* not just legal insufficiency of the evidence." *United States v. Ratigan,* 351 F.3d 957, 965 (9th Cir.2003) (emphasis added); *see also Bousley v. United States,* 523 U.S. 614, 623–24,

---

* The Honorable Bruce S. Jenkins, United States District Judge for the District of Utah, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). Hageman, who presents the trial court judge's affidavit in support of his actual innocence claim, has failed to make the required showing. The affidavit, as noted above, shows that the evidence produced at Hageman's trial may have been legally insufficient; it presents no evidence of Hageman's actual innocence. We decline to extend the principle of actual innocence under *Schlup* to encompass Hageman's circumstances, *see Johnson v. Knowles,* 541 F.3d 933, 934 (9th Cir.2008), and hold that Hageman has not demonstrated actual innocence that would excuse his procedural default.

3.    Hageman finally argues that he has demonstrated "freestanding" actual innocence under *Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993), that would, on its own, warrant habeas relief. *See Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Although the State argues that actual innocence under *Herrera* is unavailable to petitioners in non-capital cases, we need not reach that question, because Hageman has not satisfied *Herrera's* "ex-traordinarily high" standard. 506 U.S. at 417, 113 S.Ct. 853. "[T]he Herrera majority's statement that the threshold for a freestanding claim of innocence would have to be 'extraordinarily high,' contemplates a stronger showing than insufficiency of the evidence to convict." *Carriger v. Stewart,* 132 F.3d at 476 (internal citations omitted). Because Hageman has presented only evidence of the legal insufficiency of the evidence produced at his trial, he has not demonstrated "freestanding" actual innocence under *Herrera* that would, on its own, warrant habeas relief.

AFFIRMED.