NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35810 |
| Plaintiff-Appellee, | D.C. Nos. 4:17-cv-00124-BMM |
| v. | 4:14-cr-00082-BMM-1 |
| BASIL DONEY, Jr., | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted July 15, 2019**

Before: SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Federal prisoner Basil Doney, Jr., appeals pro se from the district court's

order denying his 28 U.S.C. § 2255 motion challenging his convictions for

aggravated sexual assault, in violation of 18 U.S.C. § 2241(a). We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Appellant's requests for oral
argument and for appointment of counsel for the purpose of oral argument are
denied.

jurisdiction under 28 U.S.C. § 2253. We review the district court's denial of a section 2255 motion de novo and the district court's failure to hold an evidentiary hearing for abuse of discretion. *See United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003). We affirm.

Doney contends that his counsel rendered ineffective assistance at trial and on appeal because he failed to argue that the government did not introduce sufficient evidence to show that Doney was an Indian within the meaning of 18 U.S.C. § 1153(a) during the timeframe alleged in the indictment.

The government's evidence of Doney's Indian status included a 2014 tribal enrollment certificate from the Fort Belknap Indian Community; excerpts from the Federal Register listing Fort Belknap as a federally recognized tribe; testimony by Doney's cousin that Doney stayed on the Fort Belknap reservation at his father's house around the pertinent timeframe; and testimony by a tribal investigator that Doney had "appeared as a litigant in tribal court" and a litigant must be an enrolled member of the tribe to appear in tribal court. Counsel's failure to challenge the sufficiency of the government's evidence on the basis that it did not show tribal enrollment specifically at the time of the charged assaults does not amount to constitutionally deficient performance under the circumstances. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also United States v. Ratigan*, 351 F.3d 957, 965 (9th Cir. 2003) (counsel did not render ineffective assistance by

18-35810

failing to object to sufficiency of proof where government's evidence showed bank was federally insured on dates before and after the robbery but not specifically on the date of the robbery).

Doney further contends that the district court erred by failing to hold an evidentiary hearing. However, Doney does not point to any evidence that could have been gathered through an evidentiary hearing that was necessary for the court's adjudication of his section 2255 motion. Accordingly, the court did not abuse its discretion by failing to hold a hearing. *See Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988) ("Section 2255 requires only that the judge give the prisoner's claim 'careful consideration and plenary processing, including full opportunity for presentation of the relevant facts.'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 82-83 (1977)).

The government's motion for judicial notice is denied.

**AFFIRMED.**