**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-56528 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 14-cv-7858-SJO |
| | 07-cr-01322-SJO-3 |
| KIM VERNELL WALKER, AKA Plex, AKA SEAL A, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, Senior District Judge, Presiding

Argued and Submitted November 8, 2019
Pasadena, California

Before: MURGUIA and HURWITZ, Circuit Judges, and ZOUHARY,** District
Judge.

Kim Walker appeals the denial of his 28 U.S.C. § 2255 habeas motion,

arguing the government's failure to disclose the declaration of Detective Fareed

Ahmad violated the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), and was part of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

a pattern of prosecutorial misconduct. Reviewing de novo, we affirm. *See United States v. Ratigan*, 351 F.3d 957, 961 (9th Cir. 2003) (stating standard of review of § 2255 motions).

To demonstrate a *Brady* violation,[1] Walker must show the government suppressed evidence favorable to him and that he suffered prejudice as a result. *Strickler v. Greene*, 527 U.S. 263, 280–82 (1999). Contrary to Walker's arguments, Ahmad's declaration did not materially contradict his trial testimony and was therefore not *Brady* material. *United States v. Bracy*, 67 F.3d 1421, 1428 (9th Cir. 1995) (citation omitted). At trial, Ahmad denied being "directly" involved in the investigation that led to Walker's arrest. His later declaration that he was "working on a Federal Wiretap investigation with DEA and various other police agencies" is not clearly contradictory, and was consistent with the trial testimony of FBI Agent Kevin Falls. Most importantly, Walker demonstrated no prejudice. Ahmad was a defense witness, and no one referred to his testimony in closing. *See Gentry v. Sinclair*, 705 F.3d 884, 906 (9th Cir. 2013) ("[T]angential evidence is not material because it is insufficient to cast doubt on the ultimate result reached[.]").

Walker's prosecutorial misconduct claim similarly fails. Due process protects a defendant against "the knowing use of any false evidence." *See Hayes v. Brown*,

---

[1] We decline to address whether Walker procedurally defaulted this claim and instead address its merits. *See United States v. Seng Chen Yong*, 926 F.3d 582, 590 (9th Cir. 2019).

399 F.3d 972, 981 (9th Cir. 2005) (en banc). The government did not use Ahmad's testimony and it does not appear to be false. In any event, any nondisclosure did not affect the fairness of Walker's trial. *See id.* at 984. For these reasons, we also reject Walker's request for the extraordinary remedy of dismissal of the indictment under *United States v. Chapman*, 524 F.3d 1073, 1087–88 (9th Cir. 2008).

    **AFFIRMED.**