NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30074 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00007-RSM-2 |
| v. | |
| NATHANIEL WELLS, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30077 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00339-RSM-1 |
| v. | |
| NATHANIEL WELLS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted and Submission Deferred January 13, 2020**
Resubmitted February 20, 2020

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before:  RAWLINSON, BEA, and NGUYEN, Circuit Judges.

Defendant-Appellant Nathaniel Wells pleaded guilty to one count of Conspiracy to Commit Bank Fraud, 18 U.S.C. §§ 1344 and 1349, and the district court held an evidentiary hearing to determine the proper application of the federal Sentencing Guidelines, U.S.S.G. § 2B1.1 *et seq.*, and entered findings with respect to the fraud's loss amount and upward adjustments on Wells' sentence.  Wells appeals the district court's determinations supporting the enhancements to his sentence under the Sentencing Guidelines, its denial of two post-hearing motions, and its order of restitution.  We assume familiarity with the facts and procedural history and discuss them only as necessary to explain our decision.

1.      The district court did not err in determining Wells' sentencing enhancements related to loss amount, leadership role, and number of victims.  First of all, the district court correctly applied a preponderance of the evidence standard in making its sentencing enhancements determinations because clear and convincing evidence is not required when the enhancements are based on the conduct of a conspiracy rather than on uncharged conduct.  *United States v. Armstead*, 552 F.3d 769, 777 (9th Cir. 2008) ("Enhancements based on the extent of a conspiracy are 'on a fundamentally different plane than' enhancements based on uncharged or acquitted conduct." (quoting *United States v. Riley*, 335 F.3d 919,

926 (9th Cir. 2003))). Second, the district court did not clearly err in crediting the ample evidence that Wells was, at the very least, a "manager" of the conspiracy. *See, e.g.*, *United States v. Doe*, 778 F.3d 814, 826 (9th Cir. 2015) ("[T]o qualify for the § 3B1.1(c) organizer enhancement, the defendant must have the necessary influence and ability to coordinate the behavior of others so as to achieve the desired criminal result."). Further, Wells' guilty plea to the conspiracy allows him to be held liable for the entire loss amount reasonably foreseeable within the scope of his conspiratorial agreement, and not just for his criminal activity. *United States v. Treadwell*, 593 F.3d 990, 1002–03 (9th Cir. 2010) ("[T]o comply with USSG § 1B1.3(a)(1)(B), a district court is not required to proceed item-by-item through a complete list of all losses attributed to a criminal conspiracy and to then make an individualized determination whether or not each item was within the scope of the defendant's 'joint undertaking' and was 'reasonably foreseeable' to that defendant."). Finally, the district court properly included merchants and payment processors in its count of total victims because the Sentencing Guidelines do not require that the "victims" be financial institutions in order for the enhancement to apply. U.S.S.G. § 2B1.1 cmt. n.1 ("'Victim' means . . . any person who sustained any part of the actual loss . . . [and] includes individuals, corporations, companies, associations, firms, partnerships, societies, and joint stock companies.").

  2.    Wells' argument that the district court lacked subject matter

jurisdiction is entirely meritless. Wells mistakes the district court's findings that some payment processors were harmed by the conspiracy for a finding that no "financial institution" was defrauded by it, a finding that the district court did not make. Further, at the evidentiary hearing, the government was not required to prove the "financial institution" element of the bank fraud statute, 18 U.S.C. § 1344, because Wells had already pleaded guilty to it. But even if the government had been required to prove this element and had failed to do so, this would not deprive the district court of jurisdiction. It is well-established that a court's subsequent finding that federal law was not in fact violated does not abrogate its jurisdiction over the case. *United States v. Ratigan*, 351 F.3d 957, 963 (9th Cir. 2003) ("[C]ourts have consistently determined that the jurisdictional element of federal crimes does not present a pure question of the court's subject-matter jurisdiction.").

3.      Wells' argument that the district court erred in denying his motion to withdraw his guilty plea is similarly meritless. Federal Rule of Criminal Procedure 11 permits a defendant to withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Again, the district court's finding that payment processors were harmed by the conspiracy does not equate to a finding that no "financial institution" was defrauded by it, and thus such finding does not conflict

4

with Wells' guilty plea. Accordingly, Wells can point to no "fair and just" reason for which the district court should have granted his motion to withdraw the plea.

4. For crimes committed by fraud or deceit, the Mandatory Victims Restitution Act requires district courts to order restitution in the amount of the victims' actual losses. 18 U.S.C. § 3663A(c)(1)(A)(ii). We have held that a defendant convicted of conspiracy may be held liable for all losses that were "reasonably foreseeable" to the defendant and done in furtherance of the conspiracy. *United States v. Thomsen*, 830 F.3d 1049, 1065 n.13 (9th Cir. 2016); *Riley*, 335 F.3d at 932. Thus, because the district court did not abuse its discretion in determining that Wells, based on his role in the conspiracy, could reasonably foresee all of the actual losses that resulted from it, its order that he pay the full loss amount in restitution is likewise not an abuse of discretion.

5. Finally, the district court did not err in denying Wells' request to an evidentiary hearing on limited remand. Because Wells was given a "'reasonable opportunity' to present information to the court," *United States v. Real–Hernandez*, 90 F.3d 356, 362 (9th Cir. 1996) (quoting Fed. R. Crim. P. 32(c)(3)(A) (1994) (current version at Fed. R. Crim. P. 32(i)(1)(B))), the district court did not abuse its discretion.

**AFFIRMED.**