**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 6 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-17328 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00120-EMC-6 |
| v. | |
| JAIRO HERNANDEZ, AKA Joker, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted December 8, 2021
San Francisco, California

Before: GRABER and COLLINS, Circuit Judges, and CHOE-GROVES,** Judge.

Jairo Hernandez appeals from the district court's judgment denying his 28

U.S.C. § 2255 habeas motion. We have jurisdiction under 28 U.S.C. § 1291.

Reviewing de novo, *see United States v. Zuno-Arce*, 339 F.3d 886, 888 (9th Cir.

2003), we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

The district court permissibly concluded that Hernandez procedurally defaulted the challenge to his sentence under 18 U.S.C. § 924(c) by failing to raise that challenge on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998). Contrary to Hernandez's contention, his claim that his sentence is invalid in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), goes to the merits of his conviction and sentence rather than to the court's subject matter jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630–31 (2002) ("[T]he objection that the indictment does not charge a crime against the United States goes only to the merits of the case." (citation omitted)); *cf. United States v. Goodall*, 15 F.4th 987, 994–97 (9th Cir. 2021) (holding that the appeal waiver contained in defendant's plea agreement barred his claim that his § 924(c) sentence was invalid in light of *Davis*). Accordingly, the claim is subject to the usual procedural default rule. *See United States v. Ratigan*, 351 F.3d 957, 962–63 (9th Cir. 2003). Hernandez does not challenge the district court's conclusion that he failed to demonstrate the necessary cause and prejudice or actual innocence to excuse his procedural default. *See Bousley*, 523 U.S. at 622.

**AFFIRMED.**