**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-16967 |
| Plaintiff-Appellee, | D.C. Nos. 4:16-cv-07416-CW |
| v. | 4:00-cr-20217-CW-1 |
| EARL JOSEPH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Earl Joseph appeals from the district court's judgment denying his 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct his sentence.  We have jurisdiction

under 28 U.S.C. § 2253.  Reviewing de novo, *see United States v. Ratigan*, 351

F.3d 957, 961 (9th Cir. 2003), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Joseph contends that aiding and abetting armed bank robbery, in violation of 18 U.S.C. §§ 2113 and 2, does not qualify as a predicate crime of violence for purposes of 18 U.S.C. § 924(c). As Joseph acknowledges, this court has held that armed bank robbery is a categorical crime of violence under § 924(c)(3)(A). *See United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018). Notwithstanding Joseph's contention that *Watson* was wrongly decided, we are bound by that decision because Joseph has not shown that it is "clearly irreconcilable" with intervening higher authority. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc); *see also United States v. Buck*, 23 F.4th 919, 929 (9th Cir. 2022) (holding that a statute analogous to federal armed bank robbery requires intentional wrongdoing and is a crime of violence). Moreover, "there is no distinction between aiding-and-abetting liability and liability as a principal under federal law," and therefore a defendant who aids and abets armed bank robbery "is deemed to have committed a crime of violence under § 924(c)'s elements clause." *Young v. United States*, 22 F.4th 1115, 1122-23 (9th Cir. 2022).

Because Joseph's § 924(c) convictions were predicated on qualifying offenses, we affirm the denial of § 2255 relief.

**AFFIRMED.**

19-16967