**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-35715 |
| Plaintiff-Appellee, | D.C. Nos. 1:16-cv-00088-SPW |
| v. | 1:03-cr-00074-SPW-1 |
| DANA CANFIELD, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Dana Canfield appeals from the district court's judgment denying his 28

U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  We have

jurisdiction under 28 U.S.C. § 2253.  Reviewing de novo, *see United States v.*

*Ratigan*, 351 F.3d 957, 961 (9th Cir. 2003), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Canfield contends that the district court erred in concluding that his challenge to his 18 U.S.C. § 924(c) convictions was procedurally defaulted. He maintains that aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, is not a crime of violence for purposes of § 924(c), and therefore his actual innocence of the § 924(c) counts excuses the default. As Canfield acknowledges, in *United States v. Dominguez* we reaffirmed that Hobbs Act robbery is a crime of violence for purposes of § 924(c)(3)(A). 954 F.3d 1251, 1261 (9th Cir. 2020). We have also determined that "there is no distinction between aiding-and-abetting liability and liability as a principal under federal law," and therefore a defendant who aids and abets a Hobbs Act robbery offense "is deemed to have committed a crime of violence under § 924(c)'s elements clause." *Young v. United States*, 22 F.4th 1115, 1122-23 (9th Cir. 2022). Canfield, therefore, cannot establish actual innocence to excuse his procedural default.

**AFFIRMED.**