NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-17399 |
| Plaintiff-Appellee, | D.C. Nos. 2:16-cv-01405-LRH |
| v. | 2:10-cr-00499-LRH-GWF-1 |
| RANDY HAAS, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted February 6, 2023**
Phoenix, Arizona

Before: GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

Defendant appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set

aside, or correct his conviction and sentence for discharging a firearm in violation

of 18 U.S.C. § 924(c). Defendant contends that the predicate offense—attempted

robbery under the Hobbs Act—is not a crime of violence under § 924(c). See

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

United States v. Taylor, 142 S. Ct. 2015 (2022).  We affirm on a different ground: that Defendant waived his right to a collateral challenge in his plea agreement.

We review de novo the district court's denial of habeas relief, United States v. Ratigan, 351 F.3d 957, 961 (9th Cir. 2003), and we may affirm on any ground supported by the record, Bonin v. Calderon, 59 F.3d 815, 823 (9th Cir. 1995). Defendant knowingly and voluntarily agreed to a plea deal in which he waived all rights to a collateral challenge under 28 U.S.C. § 2255.  "An appellate waiver is enforceable if '(1) the language of the waiver encompasses [the Defendant's] right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'"  United States v. Goodall, 21 F.4th 555, 561 (9th Cir. 2021) (citation omitted), cert. denied, 142 S. Ct. 2666 (2022).  Defendant's waiver bars his claim that his conviction was legally defective, regardless of unforeseeable intervening caselaw.  See id. at 558, 562–63 (also holding that the "illegal sentence" exception to appellate waiver does not apply to challenges to illegal convictions).

**AFFIRMED.**