

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-17302 |
| Plaintiff-Appellee, | D.C. Nos. 2:20-cv-01102-JCM |
| v. | 2:14-cr-00304-JCM-VCF-1 |
| HERBERT JOHNSON, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted July 14, 2023[**]
San Francisco, California

Before: S.R. THOMAS, BEA, and BENNETT, Circuit Judges.

Herbert Johnson appeals the district court's order and judgment denying his

28 U.S.C. § 2255 habeas motion to vacate his conviction and sentence for

brandishing a firearm in connection with a crime of violence in violation of 18

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and we review a district court's denial of habeas relief de novo. *United States v. Ratigan*, 351 F.3d 957, 961 (9th Cir. 2003). We also review whether a defendant has waived the right to appeal or bring a collateral attack de novo. *See United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016). We may affirm on any ground supported by the record. *Holley v. Yarborough*, 568 F.3d 1091, 1098 (9th Cir. 2009). We affirm on the ground that Johnson's § 2255 motion is barred by the collateral attack waiver in his plea agreement.

Johnson claims his § 924(c) conviction rests on an invalid predicate offense because aiding and abetting a Hobbs Act robbery is not a crime of violence as that term is defined by § 924(c)(3)(A). *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding the alternative "residual" definition of crime of violence, found in § 924(c)(3)(B), is unconstitutionally vague). However, as part of his plea agreement, Johnson waived his right to bring a collateral attack under 28 U.S.C. § 2255.

We ordinarily do not reach the merits of direct appeals and collateral habeas motions brought by defendants who have knowingly and validly waived the right to bring such claims. *See Torres*, 828 F.3d at 1124. Johnson does not dispute that he voluntarily and knowingly waived collateral attack in his plea agreement.

2

Rather, he argues that his claim is beyond the scope of the waiver for three reasons: (1) his claim fits under the "illegal sentence exception" to our general rule of enforcing plea waivers; (2) his claim raises jurisdictional questions that cannot be waived; and (3) enforcing the waiver would result in a miscarriage of justice.

The illegal sentence exception does not apply here. While we do not enforce otherwise valid plea waivers against claims that a sentence is illegal, *id.* at 1125, we have limited that exception to genuine challenges to the legality of a *sentence*, and do not apply it to claims of an illegal *conviction*. *United States v. Goodall*, 21 F.4th 555, 562–63 (9th Cir. 2021). Here, the exception does not apply because Johnson challenges the legality of his conviction, not his sentence.

Johnson's jurisdictional challenge also fails. An "objection that the indictment does not charge a crime against the United States goes only to the merits of the case," and does not affect the court's subject matter jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630–31 (2002) (quoting *Lamar v. United States*, 240 U.S. 60, 65 (1916)). Johnson's challenge to his conviction does not affect the jurisdiction of the court.

Finally, Johnson argues that his plea waiver must be set aside to avoid a "miscarriage of justice." However, Johnson did not present it to the district court,

so we decline to consider it on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**