**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-15144 |
| Plaintiff-Appellee, | D.C. Nos. 3:19-cv-00656-LRH |
| v. | 3:16-cr-00005-LRH-CLB-1 |
| ANTHONY SCHNEIDER, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted July 14, 2023[**]
San Francisco, California

Before:  S.R. THOMAS, BEA, and BENNETT, Circuit Judges.

Anthony Schneider appeals the district court's order and judgment denying

his 28 U.S.C. § 2255 motion to vacate his conviction and sentence for using a

firearm during and in relation to a crime of violence in violation of 18 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 924(c). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and we review a district court's denial of habeas relief de novo. *United States v. Ratigan*, 351 F.3d 957, 961 (9th Cir. 2003). We also review whether a defendant has waived the right to appeal or to bring a collateral attack de novo. *See United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016). We may affirm on any ground supported by the record. *Holley v. Yarborough*, 568 F.3d 1091, 1098 (9th Cir. 2009). We affirm on the ground that Schneider's § 2255 motion is barred by the collateral attack waiver in his plea agreement.

Schneider claims his § 924(c) conviction rests on an invalid predicate offense because attempted Hobbs Act robbery is not a crime of violence as that term is defined by § 924(c)(3)(A). *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding the alternative "residual" definition of crime of violence, found in § 924(c)(3)(B), is unconstitutionally vague). However, as part of his plea agreement, Schneider waived his right to bring a collateral attack under 28 U.S.C. § 2255.

We ordinarily do not reach the merits of direct appeals and collateral habeas motions brought by defendants who have knowingly and validly waived the right to bring such claims. *See Torres*, 828 F.3d at 1124. Schneider does not dispute that he voluntarily and knowingly waived collateral attack in his plea agreement.

2

Rather, he argues that his claim is beyond the scope of the waiver under our "illegal sentence exception." He also argues that enforcing the plea waiver would result in a miscarriage of justice.

The illegal sentence exception does not apply here. While we do not enforce otherwise valid plea waivers against claims that a sentence is illegal, *id.* at 1125, we have limited that exception to genuine challenges to the legality of a *sentence*, and do not apply it to claims of an illegal *conviction*. *United States v. Goodall*, 21 F.4th 555, 562–63 (9th Cir. 2021). Here, the exception does not apply because Schneider challenges the legality of his conviction, not his sentence.

If a miscarriage of justice exception to the waiver rule exists, it does not apply here. Schneider pleaded guilty to three counts of completed Hobbs Act robbery, one count of attempted Hobbs Act robbery, and a § 924(c) firearm charge predicated on the attempted robbery. As part of the written plea agreement, Schneider admitted the factual bases of each robbery and admitted pointing a gun at victims in each robbery, except the robbery where Schneider wielded a machete. The government dismissed two § 924(c) charges predicated on the completed robberies as part of the plea agreement. In the context of this case, there is no miscarriage of justice that would void the valid plea waiver.

**AFFIRMED.**