[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12039
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-00543-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELROY OLIVER DAVY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 24, 2012)

Before PRYOR, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Paul M. Cognac, appointed counsel for Delroy Davy in this direct criminal

appeal, has moved to withdraw from further representation of Mr. Davy and filed a

brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct.

We have also considered the arguments presented by Mr. Davy in his *pro se* brief, but do not find any of them persuasive. First, contrary to Mr. Davis' contention, the stipulated factual basis for the guilty plea established the federal offense of bank fraud. *See* 18 U.S.C. § 1344. Mr. Davy and Theo Clark purchased properties which they then sold to unqualified straw buyers at inflated prices by helping to obtain loans under false pretenses, and these loans were held by FDIC-insured institutions (e.g., Bank of America). R2: 15-16. Although Mr. Davy now attaches a security deed listing Sahara Mortgage Corporation as the original lender for the property located at 6114 Bellaire Lake Road, and argues that the district court lacked subject-matter jurisdiction; that deed does not establish that Bank of America was not a defrauded lender under § 1344. Indeed, at the time of the sentencing hearing, Bank of America was still trying to foreclose on that property. R3: 24-27; PSR at 3-5. Mr. Davy, also admitted under oath at the change of plea hearing that he had devised and executed a scheme to defraud some FDIC-insured banks, R2: 13-16, and that admission was sufficient. *See, e.g., United States v. Hill*, 643 F.3d 807, 856-64 (11thCir. 2011) (affirming convictions for similar conduct prosecuted under mail

2

fraud and wire fraud statutes).  Second, even if the stipulated factual basis failed to sufficiently explain how an FDIC-insured bank like Bank of America had been defrauded by Mr. Davy's scheme, such a failure went to the merits of the case, and did not deprive the district court of subject-matter jurisdiction.  *See United States v. Ratigan*, 351 F.3d 957, 962-63 (9th Cir. 2003) (failure to present sufficient evidence of bank's FDIC-insured status "concerns a basic question of evidentiary sufficiency and not the court's jurisdiction").  Third, despite his protestations, the stipulated factual basis easily sufficed to establish that Mr. Davy acted with the requisite mens rea.  Fourth, in light of what we have explained above, we reject –  at least on this record – any contention by Mr. Davy that his guilty plea was not knowing and voluntary because of alleged misrepresentations by the government concerning the defrauded FDIC-insured institutions.

Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is GRANTED, and Mr. Davy's convictions and sentences are AFFIRMED.