Reversed by published opinion. Judge NIEMEYER wrote the majority opinion, in which Chief Judge TRAXLER joined. Chief Judge TRAXLER wrote a concurring opinion. Judge MOTZ wrote a dissenting opinion.
NIEMEYER, Circuit Judge:
The district court granted Steven Watkins’ petition for a writ of habeas corpus under 28 U.S.C. § 2254, finding that the West Virginia prosecuting attorney had, after trial, admitted to Watkins’ defense counsel that the victim of Watkins’ attempted robbery crime told the prosecuting attorney before trial that he, the victim, had not been put in fear by Watkins on the date of the crime, an element essential to conviction under West Virginia law, and that the prosecuting attorney had failed to so inform Watkins. Based on this finding, the district court concluded that the state habeas court had unreasonably applied the principles of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
On appeal, the West Virginia officials named in Watkins’ habeas petition (“the State”) claim that the district court imper-missibly found new facts and erred in failing to give the appropriate deference to the state habeas court’s factual findings and conclusions of law made with respect to its adjudication of Watkins’ Brady claim. We agree and accordingly reverse.
I
A. Underlying Criminal Proceeding
On June 7, 2007, Steven Watkins entered Zimm’s Pharmacy in Fayetteville, West Virginia, wearing a hard hat, sunglasses, and a red bandana that masked his face. When Watkins entered the store, only the owner, Mike Zimm, and two female employees were inside. Watkins began to ask Zimm a question, but Zimm could not understand it and asked Watkins to • repeat the question. Watkins then “tried to move his mask, or his disguise ... so that [his speech] wouldn’t be muffled as much” and repeated his question, asking Zimm whether he had “pushed the button” to activate the store’s security system. Even though he had not done so, Zimm told Watkins that he had in fact activated the system, which prompted Watkins to flee the store and to enter a nearby apartment building.
Watkins was eventually arrested and charged with “attempted robbery in the second degree,” in violation of W. Va.Code § 61 — 2—12(b), which punishes “[a]ny person who ... attempts to commit robbery by placing the victim in fear of bodily injury.”
At Watkins’ trial, Zimm testified on behalf of the State and explained how Watkins had placed him in fear of bodily injury:
Q: You indicated that you were fearful of [Watkins]; is that correct?
A: Yes, I was fearful. I didn’t know what to expect for me or my employees.-
Q: [W]as there anything going on ... in your business community at this time that triggered that fear ... ?
A: Yes, sir. There had been numerous robberies and, just recently before that, there had been a couple robberies in the *639 Beckley area, Raleigh County.... Pharmacies, pharmacists.
Q: And what thought went through your head when you saw this man approaching you dressed ... in the manner that you saw that day?
A: I thought, “It’s my turn. They’ve come to Fayette County.” That’s what I thought.
Zimm’s testimony at trial was consistent with a statement he gave to police officers on the day of the incident. It was also corroborated by the trial testimony of one of the' employees in the store who observed Zimm:
Q: [C]an you tell me what came into your mind as to what was going on at [the time Watkins entered the store]?
A: Well, at first when he came in and he approached the counter, ... I at first thought it was a joke, because we have several customers that would do that. And then I realized — after he had asked [Zimm] about the alarm, [Zimm] had the look of, you know, something’s bad, something’s going on, and I knew it wasn’t a [joke] anymore....
At the conclusion of the State’s case, Watkins filed a motion for a judgment of acquittal, arguing that the evidence was insufficient to demonstrate that Zimm had been placed in reasonable fear of bodily injury, but the trial court denied the motion. And during closing argument, both Prosecuting Attorney Brian Parsons and defense counsel James Adkins presented argument with respect to the “fear” element.
The jury found Watkins guilty of the offense as charged, and the court sentenced him to a term of imprisonment of between 5 and 18 years. The Supreme Court of Appeals of West Virginia summarily denied Watkins’ appeal, and Watkins did not seek review by the Supreme Court of the United States.
B. State Habeas Proceeding
Watkins filed a petition for a writ of habeas corpus in West Virginia state court, claiming, among other things, that he had been denied a fair trial because Prosecuting Attorney Parsons had failed to inform defense counsel Adkins that Zimm had told Parsons that he, Zimm, might not have been afraid of Watkins on the day of the attempted robbery. Watkins claimed that this nondisclosure was a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which requires the prosecution, upon request, to provide the accused with evidence favorable to the accused. Specifically, Watkins’ petition stated:
[Defense counsel Adkins] has provided a memorandum to habeas counsel indicating that he was present during a ... conversation with [Prosecuting Attorney Parsons] who allegedly uttered that the victim, Mike Zimm[,] told him that he was never afraid and [Parsons] responded [that] if that'was the case then they should stop prosecuting at that time. If that is true ..., then the State of West Virginia failed to provide that exculpatory evidence to the defendant herein[, in violation of Brady ].
In the State’s written response to Watkins’ petition, Prosecuting Attorney Parsons admitted that he had had at least two discussions with Zimm before trial about the definition of the “fear” element and exactly what had to be proved at trial. But, as Parsons explained unequivocally:
Mr. Zimm did not state that he was “never afraid,” but rather he sought a better understanding of what fear meant in the context of this case.
Parsons attributed Zimm’s questioning to a “certain amount of bravado” that existed in his relationship with Zimm and to the hesitation of one man to acknowledge fear to another.
*640 The state court conducted an evidentiary hearing on Watkins’ petition, and defense counsel Adkins testified at the hearing that, at an unrelated court proceeding after Watkins had been convicted, Prosecuting Attorney Parsons stated that Zimm “might not have been scared of Mr. Watkins” at the time of the incident. Specifically, Adkins said:
Q: Do you recall ... what was said at that time?
A. My contemporaneous note would probably be more accurate than my memory.... [W]e were at another hearing, and Mr. Parsons had stated something to the effect that Mr. Zimm might not have been scared of Mr. Watkins on ... the day of the alleged robbery.
(Emphasis added). Prosecuting Attorney Parsons did not dispute Adkins’ testimony. Rather, in cross-examining Adkins, he obtained Adkins’ agreement that Parsons’ pretrial discussions with Zimm, during which they discussed the “fear” element, were appropriate:
Q: [Y]ou would agree with me that, although the term “fear” or being afraid, has some sort of common sense application or meaning, the term “fear” as it relates to a legal standard of being afraid is something that a person with an education such as Mr. Zimm might have a question about? Is that fair to say?
A: Yes.
Q: [IJsn’t it also a fair statement that, if Mr. Zimm was not afraid of Mr. Watkins, there’s really no sense in the case being prosecuted? Isn’t that a fair way to look at it from the State’s perspective?
A: [Yes].
Q: Do you have any problem with an attorney for the State saying to a victim that, “If you’re not afraid or you don’t feel that you were afraid, you need to tell me and we’re not going to take this case forward.” Dp you have a problem with that question? ... Do you feel in your professional opinion that that is coaching a witness?
A: No.
After receiving the evidence, the state habeas court denied Watkins’ petition, issuing a written opinion that made findings of fact and conclusions of law. The court’s relevant findings and conclusions were as follows:
The Court FINDS that, during trial, State witness/victim Mike Zimm testified that he was afraid of [Watkins] based upon what [Watkins] said in Mr. Zimm’s store and upon [Watkins’] appearance. Mr. Zimm’s trial testimony was consistent with the statement he gave to police at the time of the incident. The Court FINDS that, at some time after the trial of this matter, [Adkins] was told that Mr. Zimm. said he was not “afraid” at the time of the incident at issue. [Parsons] discussed with Mr. Zimm the definition of the word “fear” as it applied to the elements of the crime at issue, and that Mr. Parsons informed Mr. Zimm that if the element of fear did not exist, then the case could not be proven at trial. The discovery provided to the defense did not contain any reference to Mr. Zimm’s alleged statement that he was not “afraid” or to the above described conversation between Mr. Parsons and Mr. Zimm.
The' Court CONCLUDES that the State’s alleged failure to inform defense counsel of the conversation between Mr. Parsons and Mr. Zimm regarding the requirement of “fear” did not violate ... Brady v. Maryland.
Additionally, the Court CONCLUDES that Mr. Parsons’ statements to Mr. Zimm with regard to the element of *641 “fear” were an accurate way to describe elemental requirements to a lay person/witness and that there is no evidence that Mr. Parsons suggested or improperly influenced Mr. Zimm’s’testi-mony.
Watkins appealed the court’s ruling to the Supreme Court of Appeals of West Virginia, and that court affirmed, adopting and incorporating the state habeas court’s order as its own.
C. Federal Habeas Proceeding
Finally, Watkins filed a petition for a writ of habeas corpus in the district court, pursuant to 28 U.S.C. § 2254. He again asserted, among other things, that he was “denied his right to Due Process under ... the United States Constitution when the Prosecution knowingly withheld from him impeachment evidence that was exculpatory,” in violation of Brady.
By order dated March 29, 2013, the district court stated that it could not “determine whether the state court improperly found that no Brady violation occurred” because “the state court never made a finding concerning whether or not Zimm stated that he was not in fear on the day of the subject incident.” The court accordingly ordered a “plenary evidentiary hearing [to] make an independent factual determination” regarding whether Zimm had made the statement in question to Prosecuting Attorney Parsons before trial. Later, however, the court realized that such an evidentiary hearing would not be consistent with the Supreme Court’s holding in Cullen v. Pinholster, 563 U.S. 170, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011) (holding that federal court “review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits”), and instead, it simply issued a final order dated March 28, 2014, granting Watkins’ petition for a writ of habeas corpus.
In granting Watkins’ petition, the court stated:
I found in a prior order that the state habeas court did not find whether Zimm had stated he “was never afraid.” However, ... there is an important distinction between proof of the substance of Zimm’s statement and proof that the State admitted that the statement was made. I now FIND that the state court found the State had admitted that Zimm made this statement. Put differently, the state court did not find that Zimm said he was not afraid; the state court found that the prosecutor admitted that Zimm said he was not afraid. In light of the clear admission that the State was in possession of Brady material, I also FIND the state court unreasonably applied clearly established Supreme Court precedent to the facts.
To support its conclusion, the district court relied on the key factual finding made by the state habeas court. But in doing so, the court assumed facts that supported a Brady violation, whereas the state habeas court had not assumed those facts and found no such violation:
I now conclude that the state habeas court found that Parsons ... admitted to Adkins ... that he, the prosecutor, was in possession of Brady material. I quote from the state court’s findings:
The Court FINDS that, at some time after trial of this matter, trial counsel was told [by the prosecutor] that Mr. Zimm said he was not “afraid” at the time of the incident at issue.
To justify its contrary conclusion, the district court had to assume, making an implied factual finding, that Zimm’s statement that he was not “afraid” was imputable to Prosecuting Attorney Parsons before trial. But the state habeas court had found only that the pretrial conversation *642 between Zimm and Prosecuting Attorney Parsons related to a discussion of the “fear” element, and it did not ascribe any particular importance to the post-trial conversation between Prosecuting Attorney Parsons and defense counsel Adkins, where Parsons observed that “Zimm might not have been afraid of Watkins.” With this additional implied finding, the district court concluded, “Based on the state court’s factual finding and the evidence in the record, it would be ‘objectively unreasonable’ to conclude that no Brady violation occurred.”
The State.filed this appeal, contending that the district court failed to give the necessary deference to the factual findings and legal conclusions of the state habeas court, as required by 28 U.S.C. §§ 2254(d) and 2254(e)(1).
II
In Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held that “the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.” To prove a Brady violation, a habeas petitioner must show that the evidence was (1) favorable to him; (2) material; (3) in the possession of the prosecution before trial; and (4) not disclosed to him upon request. See United States v. Stokes, 261 F.3d 496, 502 (4th Cir.2001). Stated otherwise, Brady mandates the disclosure of favorable evidence when it “could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.” Kyles v. Whitley, 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). And, of course, the Supreme Court has made clear that Brady only protects a defendant “before trial ” and that “nothing in [its] precedents suggests] that [Brady’s] disclosure obligation continue^] after the defendant [is] convicted and the case [is] closed.” District Att’y’s Office for the Third Judicial Dist. v. Osborne, 557 U.S. 52, 68-69, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009) (emphasis added).
In this case, Watkins contends that Prosecuting Attorney Parsons violated Brady in failing to produce before trial the fact that Zimm had admitted before trial that he was not afraid at the time of the attempted robbery. Of course, if that fact were true, then the information would be favorable to Watkins, and its nondisclosure would support his claim that a Brady violation occurred. But Watkins’ claim is not supported by the state habeas record or the state habeas court’s findings and conclusions.
Watkins relies entirely on an amorphous statement made by Prosecuting Attorney Parsons to Watkins’ defense counsel Adkins after the trial had been completed. The record shows that Prosecuting Attorney Parsons made a post-trial observation to defense counsel Adkins “to the effect that Mr. Zimm might not have been scared of Mr. Watkins” on the day of the attempted robbery. That evidence, however, does not mean that that information or belief was something known to Prosecuting Attorney Parsons before trial. To the contrary, the post-trial observation could have been based on something that some other unidentified person had said to Parsons post-trial, or that Zimm himself might have said to Parsons post-trial, or that amounted to mere retrospective speculation. In any of those circumstances, as well as others, it could not be said that Parsons possessed Brady material.
The only evidence of a pretrial conversation between Zimm and Prosecuting Attorney Parsons related to Parsons’ explanation to Zimm of what constitutes “fear” *643 and the necessity of proving “fear” as an element of attempted robbery.
The state habeas court found on this record two distinct facts. First, “at some time after the trial of this matter, [defense counsel Adkins] was told that Mr. Zimm said he was not ‘afraid’ at the time of the incident at issue.” And second, that Prosecuting Attorney Parsons had a pretrial conversation with Zimm during which Parsons “discussed with Mr. Zimm the definition of the word ‘fear’ as it applied to the elements of the crime at issue, and that Mr. Parsons informed Mr. Zimm that if the element of fear did not exist, then the case could not be proven at trial.”
The district court, however, failed to accord the appropriate deference to the state habeas court’s findings. The district court, which was initially inclined to conduct a plenary evidentiary hearing but ultimately did not do so, nonetheless restated the state habeas court’s findings to conclude that Parsons “had admitted that Zimm made the statement [that he was not afraid],” thereby imputing knowledge of Zimm’s lack of fear to Parsons before the trial began. The record simply does not support such a leap.* Section 2254 requires a federal court conducting collateral review of a state court adjudication to do so through a “highly deferential lens.” DeCastro v. Branker, 642 F.3d 442, 449 (4th Cir.2011); see also 28 U.S.C. § 2254(d). To that end, § 2254(e)(1) instructs the district court to defer to a state court’s factual findings:
In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
28 U.S.C. § 2254(e)(1) (emphasis added); see also Conaway v. Polk, 453 F.3d 567, 582 (4th Cir.2006).
In the present case, the district court did not find the state habeas court’s factual findings “unreasonable ... in light of the evidence presented.” 28 U.S.C. § 2254(d)(2). Nor did the court find that Watkins had rebutted the state habeas court’s factual findings with “clear and convincing evidence.” § 2254(e)(1). On the contrary, the district court purported to accept the state court’s factual findings. See J.A. 402 (“based on the state court’s factual finding ..., it would be ‘objectively unreasonable’ to conclude ... ”). Yet it nonetheless placed its own gloss upon the state court’s factual findings, impermissi-bly altering them to conclude that Prosecuting Attorney Parsons admitted to having been told by Zimm before trial that he was not afraid of Watkins. The facts in the state court record are to the contrary, and no state habeas court finding can be *644 read to support the district court’s conclusion.
We conclude that the state habeas court did not base its decision on “an unreasonable determination of the facts,” see 28 U.S.C. § 2254(d)(2), and we note that Watkins did not attempt to rebut the presumption of correctness by “clear and convincing evidence,” see § 2254(e)(1). Similarly, we conclude that based on its entirely reasonable factual findings, the state habeas court did not apply the Brady rule in an “objectively unreasonable” manner. See Barnes v. Joyner, 751 F.3d 229, 238-39 (4th Cir.2014) (holding that the federal court must defer to the state habeas court’s legal conclusion, so long as it is not “objectively unreasonable”); § 2254(d)(1). The facts found by the state habeas court do not impute information to Prosecuting Attorney Parsons before trial that Zimm had said he was not afraid. Without such a fact in the record and such a factual finding by the court, there could be no Brady violation.
To be sure, the state habeas court did find that Prosecuting Attorney Parsons and Zimm had had a pretrial discussion about the definition of “fear” and the necessity of proving “fear” at trial. But that conversation was no more than routine trial preparation. As the state habeas court concluded, “Mr. Parsons’ statements to Mr. Zimm with regard to the element of ‘fear’ were an accurate way to describe elemental requirements to a lay person/witness and that there was no evidence that Mr. Parsons suggested or improperly influenced Mr. Zimm’s testimony.”
The district court’s order granting Watkins’ petition for a writ of habeas corpus is accordingly

REVERSED.

 The dissenting opinion also fails to recognize that the state habeas court found two distinct conversations. The first conversation that it found consisted of a statement made after trial that Zimm said "he was not 'afraid' at the time of the incident at issue.” The second conversation that it found was one between Zimm and Prosecuting Attorney Parsons before trial that explored the definition of the "fear” element. There is no evidence to support a conclusion that the pretrial conversation included a statement by Zimm that he was not afraid, and the state habeas court did not find that the pretrial conversation in-eluded such a statement. Indeed, the prosecutor testified affirmatively that Zimm did not make such a statement in that pretrial conversation — "Mr. Zimm did not state that he was 'never afraid,' but rather he sought a better understanding of what fear meant in the context of this case.” The dissent simply conflates the two conversations, as did the district court, concluding without record support, that the post-trial conversation referred to the pretrial conversation and not some other post-trial conversation. The state habe-as court found the conversations to be historically and substantively distinct.