**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4107**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DENETRIA MYLES,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:12-cr-00239-GCM-DCK-24)

Submitted: November 30, 2015      Decided: January 6, 2016

Before KING, SHEDD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven T. Meier, MEIER LAW, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Denetria Myles was convicted after a jury trial of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, in violation of 18 U.S.C. § 1962(d) (2012), and bank fraud, in violation of 18 U.S.C. §§ 1344, 2 (2012). She was sentenced to 51 months' imprisonment. On appeal, Myles challenges the district court's denials of her motion in limine as to late discovery and her motion to dismiss for lack of subject-matter jurisdiction. We affirm.

Myles first contends that the district court erred in denying her motion in limine to exclude evidence that, she asserts, the Government produced after the close of discovery. "We review a district court's decision regarding whether a party has violated [Fed. R. Crim. P.] 16, as well as its decision to order a particular sanction, for abuse of discretion." United States v. Gonzales-Flores, 701 F.3d 112, 117 (4th Cir. 2012). When, as here, the district court's decision is based on an interpretation of its own order, "to sustain appellate review, district courts need only adopt a reasonable construction of the terms contained in their orders." Wolfe v. Clarke, 718 F.3d 277, 284 (4th Cir. 2013) (internal quotation marks omitted); see JTH Tax, Inc. v. H&R Block E. Tax Servs., 359 F.3d 699, 705 (4th Cir. 2004). Here, the scheduling order specified deadlines for motions to compel discovery and responses to those motions but

2

did not explicitly establish a deadline for the completion of discovery. Therefore, the court reasonably found that Myles' position overstated and misread the order and properly denied the motion in limine.

Additionally, to the extent that Myles also contends the Government committed a violation under Brady v. Maryland, 373 U.S. 83 (1963), we discern no error. When, as here, a defendant fails to preserve an argument by "object[ing] on the same basis below as [s]he contends is error on appeal," this court reviews for plain error. United States v. Zayyad, 741 F.3d 452, 459 (4th Cir. 2014); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (discussing plain error standard). We conclude that Myles has failed to show plain error.

Here, the challenged evidence revealed Myles' fraudulent notarization of multiple signatures, and the jury reasonably concluded that, in light of the evidence against Myles, she intended to defraud with the purpose of furthering the conspiracy. Myles fails to demonstrate that this evidence was unfairly prejudicial. See United States v. Mohr, 318 F.3d 613, 619-20 (4th Cir. 2003) (setting forth standard for admission of evidence under Fed. R. Evid. 403). Similarly, she fails to establish a Brady violation because she has made no assertions that the evidence was favorable to her, material, in the Government's possession prior to trial, or not disclosed upon

3

request.  See Watkins v. Rubenstein, 802 F.3d 637, 642 (4th Cir. 2015) (discussing elements necessary to establish Brady violation).

Finally, Myles challenges the district court's denial of her motion to dismiss for lack of subject-matter jurisdiction. "This [c]ourt reviews de novo a district court's decision on a motion to dismiss for lack of subject matter jurisdiction." Durden v. United States, 736 F.3d 296, 300 (4th Cir. 2013). Section 3231 of Title 18 of the United States Code confers subject-matter jurisdiction in all federal criminal prosecutions.  18 U.S.C. § 3231 (2012).  This unquestionably includes the bank-fraud statute with which Myles was charged, 18 U.S.C. § 1344.

An element of a § 1344 violation is that "the institution was a federally insured or chartered bank."  United States v. Adepoju, 756 F.3d 250, 255 (4th Cir. 2014).  While a bank's federally insured status provides the jurisdictional nexus for the statute, "any challenge claiming that the government failed to prove at trial that essential element does not thereby undermine the court's subject-matter jurisdiction, or its power to hear the case."  United States v. Ratigan, 351 F.3d 957, 964 (9th Cir. 2003); accord United States v. Carr, 271 F.3d 172, 178 (4th Cir. 2001) (holding that whether jurisdictional element of criminal offense is "demonstrated in an individual circumstance

4

does not affect a court's constitutional or statutory power to adjudicate a case" (internal quotation marks omitted)). "[D]efects in the government's evidence regarding a bank's federally-insured status in a bank robbery case go to the merits of the case." Ratigan, 351 F.3d at 963.

Here, even assuming the Government failed to prove the insurance element beyond a reasonable doubt, the district court did not lack jurisdiction over the case. Additionally, as the court aptly observed, Myles' motion to dismiss improperly relied on 28 U.S.C. § 1331 (2012), which governs federal-question jurisdiction in civil, not criminal, cases. Moreover, to the extent that Myles challenges the sufficiency of the evidence supporting her bank-fraud conviction, we conclude such a claim is meritless. Myles' stipulation admitted the facts constituting the insurance element of bank fraud, and the Government presented evidence at trial establishing the insurance status of banks identified as lenders in the fraud charge of which the jury convicted her.

Accordingly, we conclude that the district court properly denied the motions in limine and to dismiss, and we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented

5

in the materials before this court and argument would not aid the decisional process.

AFFIRMED